**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIBALD CUNNINGHAM,<br><br>    Plaintiff,<br><br>  v.<br><br>JUDGE PATRICK J. MAHONEY, et al.<br><br>    Defendants.<br>_____/ | No. C 10-01182 JSW<br><br>**AMENDED ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |

**INTRODUCTION**

Now before the Court is the Motion to Dismiss Plaintiff's First Amended Complaint for Injunctive and Declaratory Relief filed by Defendants Judge Patrick J. Mahoney, Presiding Judge James McBride, Chief Justice Ronald M. George, Presiding Justices Anthony Kline, William R. McGuiness, and Justice Laurie E. Zelon. On June 14, 2010, this Court issued an Order vacating the hearing date, because Plaintiff, Archibald Cunningham ("Cunningham"), did not file an opposition to Defendants' motion and did not file a response to an Order to Show Cause dated June 2, 2010, regarding his failure to file a timely opposition brief.

**On June 18, 2010, after the Court issued its Order granting Defendants' motion to dismiss and after the Judgment was entered, Plaintiff filed a response to the Order to show cause. The Court issues this Amended Order to reflect the fact that it has considered the arguments raised in that response and, for the reasons set forth in the remainder of this Order, finds them unpersuasive.**

//

Although he did not file an opposition to Defendants' Motion to Dismiss the First Amended Complaint, on April 21, 2010, Cunningham filed a brief entitled "Plaintiff's Amended Response to Defendant's Motion to Dismiss; Memorandum of Points and Authorities," and on April 24, 2010 filed an Amended Response to Defendant's Motion to Dismiss, each of which was directed to Judge Mahoney's motion to dismiss Cunningham's original complaint. To the extent the extent Cunningham raised arguments in those briefs that are pertinent to the instant motion to dismiss, the Court has considered them.

Accordingly, having considered the parties' papers, relevant legal authority, and the record in this case, the Court HEREBY GRANTS Defendants' motion.

**BACKGROUND**

Cunningham brings this action for declaratory and injunctive relief pursuant to the Civil Rights Act, 42 U.S.C. § 1983. Each of Cunningham's ten claims for relief arise out of custody proceedings between Cunningham and his ex-wife, Defendant Mary Wang. Based on the allegations in Cunningham's lengthy First Amended Complaint ("FAC"), he alleges that the custody proceedings were conducted by way of a "trial by declaration," which he argues violated his constitutional right to due process. (*See*, *e.g.,* FAC ¶¶ 1, 10, 14, 121.) Subsequently, Ms. Wang allegedly instituted contempt proceedings against Cunningham, which ultimately were dismissed. (*Id.* ¶¶ 28-30, 49, 73.) In addition, Cunningham alleges that Judge Mahoney issued an order declaring him to be a vexatious litigant and imposed monetary sanctions on him, and he contends that Judge Mahoney's violated a host of his constitutional rights during these proceedings. (*Id.* ¶¶ 31-32, 33, 84.)

Cunningham also alleges that he sought review in the Court of Appeal and the California Supreme Court of these various proceedings and that these Courts have refused to address his arguments on the alleged constitutional violations. (*See, e.g., id.* ¶¶ 11.d-e, 25-30, 32, 34-35.) In sum, Cunningham asserts that he alleges that his due process rights under the Fourteenth Amendment have been violated since he was never provided with a fully-litigated

and meaningful hearing on the custody issue and that he seeks declaratory relief to that effect, since, in his view, the state courts have avoided the issue. (*See, e.g.,* Docket No. 21 at 4:4-25.)

## ANALYSIS

Notwithstanding the invocation of Section 1983, Cunningham fails to state a claim upon which relief can be granted because (1) his claims are barred by the doctrine of absolute judicial immunity; and (2) this Court lacks jurisdiction to review state court judgments.

**A.     Cunningham Fails to State Legally Cognizable Claims Against the Defendants.**

   **1.     Cunningham's Claims Against Judge Mahoney, Presiding Judge McBride, Chief Justice George, and Presiding Justices Kline and McGuiness Fail Because These Defendants Are Entitled to Absolute Judicial Immunity.**

Section 1983 provides, in pertinent part, that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief *shall not be granted unless* a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983 (emphasis added). Cunningham acknowledges this legal principle, but he argues that he has alleged that these exceptions apply on the basis that he "filed his complaint because the state appellate courts have repeatedly refused to address the issue of whether his 14th Amendment due process rights were violated by the application of the local rule that allowed a 'trials [*sic*] by declaration at the May 2nd custody trial." (*See* FAC ¶¶ 23-36; Docket No. 21 at 3:1-9; Docket No. 24 at 3:1-9.)

Judge Mahoney, Presiding Judge McBride, Chief Justice George, and Presiding Justices Kline and McGuiness are entitled to absolute judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the act he took was in error, was done maliciously, or was in excess of his authority."); *see also Mireless v. Waco*, 502 U.S. 9, 11 (1991); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" *Id*. (quoting *Cleavinger v. Saxner*, 474 U.S. 193 (1985)). A judge lacks immunity only when he or she acts "in the clear absence of all jurisdiction ... or performs an act that is not 'judicial' in nature." *Id*. (internal citation omitted).

3

An act is considered "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his judicial capacity.[1] *See Stump*, 435 U.S. at 362. To determine if an individual acted in an official judicial capacity, a court must analyze whether: "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Id.* (citation omitted).

Having carefully reviewed the allegations in the FAC, the Court concludes that each of the four factors set forth above demonstrates that Cunningham's allegations against the Judicial Defendants arise from judicial acts that occurred during the course of the custody, contempt, vexatious litigant, and appellate proceedings.[2] Accordingly, Defendants' motion to dismiss is granted on this basis. Notwithstanding Cunningham's conclusory allegations that Judge Mahoney acted in excess of all jurisdiction, in light of the record in this case, the Court concludes that leave to amend the claims against any of the Judicial Defendants would be futile.[3]

**B.  Cunnningham's Claims Fails Because The Court Lacks Jurisdiction to Review State Court Judgments.**

Cunningham's claims also fail because this Court lacks jurisdiction to review state court judgments. The *Rooker-Feldman* doctrine provides that district courts lack jurisdiction to

---

[1] Cunningham filed an opposition to Judge Mahoney's motion to dismiss the initial complaint and filed an amended opposition to that motion. In those briefs, he states that he does not dispute that *some* of Judge Mahoney's custody orders and rulings were made in his "judicial capacity." (*See, e.g.,* Docket No. 21 at 2:4-5; Docket No. 24 at 3:4-5.)

[2] Cunningham also alleges that Chief Justice George, Presiding Justices Kline and McGuiness, Justice Zelon, and Presiding Judge McBride failed to implement rules and procedures to correct the alleged due process violations that he claims resulted from the "trial by declaration" in the custody dispute. However, Cunningham's allegations in this regard are no more than bare conclusions unsupported by facts, which is insufficient to state a claim. *See Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Accordingly, the claims against these Defendants are dismissed on this basis as well.

[3] Ms. Wang, a private party, has not yet appeared, however there are no allegations in the FAC that suggest she was functioning as a state actor. Accordingly, all claims asserted against her are dismissed.

4

review the final determinations of a state court in judicial proceedings. *See, e.g., District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 487-87 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995). "The purpose of the doctrine is to protect state judgments from collateral federal attack. Because district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence called upon to review the state court decision.'" *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (quoting *Feldman*, 460 U.S. at 482 n.16). Where "the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented are inextricably intertwined." *Id.* (citations omitted).

Notwithstanding Cunningham's assertion to the contrary, a review of the allegations set forth in the FAC demonstrate that he seeks, in effect, a review of the decisions of the state trial, appellate, and supreme court decisions. Accordingly, dismissal of the claims against the Judicial Defendants is appropriate on this basis as well.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. The Court finds that leave to amend would be futile. Accordingly, this case is DISMISSED WITH PREJUDICE, a separate judgment shall issue, and the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 22, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

5

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIBALD CUNNINGHAM et al, | Case Number: CV10-01182 JSW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| PATRICK J. MAHONEY et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 22, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Archibald Cunningham
1489 McAllister St.
San Francisco, CA 94115

Dated: June 22, 2010

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk